**CSD 3000A** [07/01/18]

Name, Address, Telephone No. & I.D. No.

**David M. Parker, Esq. (SBN 211078) / Gregory L. Riggs, Esq. (SBN 314022)**
**Parker & Riggs, LLP**
110 West A Street, Suite 615
San Diego, CA, 92101
(619) 233-8292; DParker@ParkerRiggs.com; GRiggs@ParkerRiggs.com
Attorneys for Plaintiffs and Creditors, Affordable Housing Land Consultants and Century Housing Corporation

Order Entered on
February 19, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>**The Phair Company, LLC**<br><br>Debtor. | BANKRUPTCY NO. **3:25-bk-00667-JBM** |
| **Affordable Housing Land Consultants, LLC; Century Housing Corporation**<br><br>Plaintiff(s) | ADVERSARY NO. **25-90068-JBM** |
| v.<br>**The Phair Company, LLC**<br><br>Defendant(s) | Date of Hearing: **September 10, 2025**<br>Time of Hearing: **11:00 AM**<br>Name of Judge: **J. Barrett Marum** |

## COURT MODIFIED ORDER ON
### Debtor/Defendant's Motion to Dismiss as Untimely Plaintiffs' Complaint to Establish Validity and Amounts, and Determine Certain Debts of Debtor Nondischargable

The court orders as set forth on the continuation pages attached and numbered __1__ through __2__ with exhibits, if any, for a total of __5__ pages.  Motion/Application Docket Entry No. __7__ .

//

//

//

//


DATED:     February 19, 2026

*/s/ J. Barrett Marum*
Judge, United States Bankruptcy Court

CSD 3000A

CSD 3000A [07/01/18](Page 2)

ORDER ON  Debtor/Defendant's Motion to Dismiss as Untimely Plaintiffs'

DEBTOR: The Phair Company, LLC

CASE NO.:  3:25-bk-00667-JBM
ADV. NO.:   25-90068-JBM

At the Court's hearing held on September 10, 2025, the Court denied pursuant to the Court's Tentative Ruling (attached hereto) and ~~set~~ as set forth on the record, Debtor/Defendant's motion to dismiss as untimely Plaintiff's complaint to establish validity and amounts, and determine certain debts of Debtor to be nondischargeable filed on behalf of The Phair Company, LLC.

APPROVED AS TO FORM:

Date: 02/18/2026

/ s / Vincent Renda

Vincent Renda, Esq.
Attorney for Defendant and Debtor,
The Phair Company, LLC

Signed by Judge J Barrett Marum February 19, 2026

CSD 3000A

Signed by Judge J Barrett Marum February 19, 2026

# EXHIBIT 1

TENTATIVE RULING

ISSUED BY JUDGE J. BARRETT MARUM


| | |
|---|---|
| Adversary Case Name: | Affordable Housing Land Consultants et al v. The Phair Company LLC |
| Adversary Number: | 25-90068-JBM |
| Case Number: | 25-00667-JBM11 |
| Hearing: | 09/10/2025 11:00 AM |
| Motion: | MOTION TO DISMISS AS UNTIMELY PLAINTIFFS' COMPLAINT TO ESTABLISH VALIDITY AND AMOUNTS, AND DETERMINE CERTAIN DEBTS OF DEBTOR TO BE NONDISCHARGEABLE FILED ON BEHALF OF THE PHAIR COMPANY LLC |

**DENY**.  The Court has reviewed the Defendant's Motion to Dismiss (the "Motion") (ECF No. 7) and the Plaintiff's Opposition to the Motion (the "Opposition") (ECF No. 8).  The Motion seeks dismissal solely on the grounds that the Plaintiff filed its Complaint after the deadline to do so.  (ECF No. 5 at 2-3.)  Specifically, the Defendant argues that under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 4007(c), the Plaintiff's deadline to file its Complaint was on June 2, 2025 - yet, the Plaintiff failed to initiate the adversary proceeding until July 3, 2025.  (Id.)  However, as the Plaintiff points out in the Opposition, it timely filed its Complaints for both the individual adversary proceeding (Case No. 25-90069-JBM) and the corporate adversary proceeding (Case No. 25-90068-JBM) on June 2, 2025.  (ECF No. 7 at 4-5.)  However, the Plaintiff filed both Complaints in the corporate bankruptcy case (Case No. 25-0067-JBM11) instead of by initiating separate adversary proceedings.  (Case No. 25-0067-JBM11, ECF No. 64, 65.)  Ultimately, the Plaintiff properly initiated both adversary proceedings approximately one month later.

The Ninth Circuit has directly addressed this type of issue - that is, whether an action is properly commenced within the applicable statutory deadline when the complaint is filed, yet it contains some form of inconsistencies with the local rules.  In *Cintron v. Union Pacific R. Co.*, 813 F.2d 917, 920-21 (9th Cir. 1987), the Ninth Circuit held that the appellant in that case "filed his complaint when . . . he delivered it to the clerk of the court, though he was not in compliance with local rules."  The Ninth Circuit therefore concluded that it was the original date of filing, irrespective of the complaint's deficiencies, which governed whether the party commenced the action before the statutory deadline expired.  *Id.; see Escobedo v. Applebees*, 787 F.3d 1226, 1233-34 (9th Cir. 2015) (holding that a plaintiff's complaint was timely filed with the clerk of the court but failed to pay her filing fee until after the deadline had passed); *see also Ordonez v.*

*Johnson*, 254 F.3d 3d 814, 816 (9th Cir. 2001) (holding that the plaintiff's complaint was constructively filed when he delivered it to the clerk of the court within the applicable deadline but was rejected due to non-compliance with the local rules).  Here, the Plaintiff filed its Complaints within the applicable time period - that is, on June 2, 2025 - however, the Complaints were deficient in that the Plaintiff filed them in the main bankruptcy case instead of in a separate adversary proceeding.  The Court therefore concludes that the constructive date of filing was June 2, 2025, which is within the Bankruptcy Rule 4007(c) deadline and are as such, the Plaintiff timely filed the Complaints.  Accordingly, the Court **DENIES** the Motion.

Finally, the Court notes that the Phair Company, LLC's bankruptcy case is a traditional Chapter 11.  It is not clear to the Court that a nondischargeability lawsuit such as this one is viable in the context of a traditional Chapter 11 bankruptcy case filed by an entity as opposed to an individual.  That issue is not presently before the Court because the Defendant did not raise it in the Motion, however, the Court anticipates that this will be an issue that needs to be addressed early in this case.

Signed by Judge J Barrett Marum February 19, 2026